UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **RICHARD COFFEY JR.** | **CIVIL ACTION NO.** |
| **VERSUS** | |
| | **21-133-SDD-EWD** |
| **NATIONAL CASUALTY COMPANY, ET AL.** | |

**NOTICE AND ORDER**

This is a civil action involving claims for damages allegedly sustained by Richard Coffey Jr. ("Plaintiff") as a result of a motor vehicle collision that occurred on or about February 1, 2020.[1] Specifically, Plaintiff claims that he was injured when a vehicle operated by Juan Fernando Ramos ("Ramos"), who was in the course and scope of his employment with D&W Trucking Corporation ("D&W Trucking"), "suddenly and without warning turned into the right lane and struck the rear driver's side of Plaintiff's vehicle, causing injuries, damages, and losses."[2] Plaintiff also claims that at the time of the collision, National Casualty Company ("National Casualty") insured the vehicle driving by Ramos and owned by D&W Trucking.[3] On January 28, 2021, Plaintiff filed his Petition for Damages ("Petition") against Ramos, D&W Trucking, and National Casualty (collectively, "Defendants") in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, Louisiana.[4] National Casualty and Ramos ("collectively, "Removing Defendants") removed the case to this Court on March 2, 2021, asserting federal subject matter jurisdiction under 28 U.S.C. § 1332.[5]

Proper information regarding the citizenship of all parties, and the amount in controversy,

---

[1] *See, generally*, R. Doc. 1-8.
[2] *Id*. at ¶¶ 2-3.
[3] *Id*. at ¶ 8.
[4] *Id*.
[5] R. Doc. 1 at ¶ V.

is necessary to establish the Court's diversity jurisdiction, as well as to make the determination required under 28 U.S.C. § 1441 regarding whether the case was properly removed to this Court. As explained below, the Notice of Removal is deficient both as to citizenship allegations and as to amount in controversy.

*Citizenship of National Casualty*

The party asserting federal jurisdiction must "distinctly and affirmatively" allege the citizenship of all parties, and "allegations phrased in the negative are insufficient."[6] While citizenship has been adequately alleged as to Plaintiff, Ramos, and D&W Trucking,[7] it is not clear that the parties are completely diverse because of the contradictory citizenship allegations as to National Casualty.

In the Notice of Removal, Removing Defendants allege that National Casualty is a "foreign corporation organized under the laws of the State of Louisiana, with its principal place of business located in the State of Ohio."[8] However, later in the Notice of Removal, Removing Defendants allege that National Casualty is a "citizen of Ohio according to 28 U.S.C. § 1332."[9] Under 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business…"[10] Neither the Notice of Removal nor the Petition adequately allege the place of

---

[6] *Truxillo v. American Zurich Ins. Co.*, No. 16-639, 2016 WL 6987127, *6 (M.D. La. Oct. 24, 2016) (internal citations omitted).
[7] *See* R. Doc. 1, ¶ III, V; R. Doc. 1-8, at introductory paragraph and ¶1. In the Notice of Removal and Petition, it is alleged (1) that Plaintiff is "domiciled" in and a citizen of Louisiana, (2) that Ramos is "domiciled" in and a citizen of Florida, (3) that D&W Trucking is a "foreign business corporation," which is "organized under the laws of the State of Florida and with a principal place of business in the State of Florida." *Id*. Citizenship as to these parties has been adequately alleged. *See, e.g., Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) (Allegations of residency are not sufficient to establish the citizenship of an individual; rather, "[f]or diversity purposes, citizenship means domicile; mere residence in the State is not sufficient."); *Getty Oil, Div. of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) (in diversity cases involving corporations, "allegations of citizenship must set forth the state of incorporation as well as the principal place of business of each corporation."). *See also* 28 U.S.C. § 1332(c)(1).
[8] R. Doc. 1, ¶ III.
[9] *Id*. at ¶ V.
[10] *See also, Getty Oil*, 841 F.2d at 1259.

incorporation of National Casualty, given the contradictory citizenship allegations.[11]

*Amount in Controversy*

It is also not clear from the Notice of Removal or the Petition whether Plaintiff's claims likely exceed $75,000, exclusive of interest and costs.[12] Plaintiff alleges that due to the collision with Ramos he "sustained personal injuries to various parts of his body, including but not limited to his back, neck, arms, and shoulders," and that he has "experienced great physical pain and suffering from which he has and will continue to suffer greatly."[13] Plaintiff seeks the following past, present, and future damages: (a) physical pain and suffering, (b) physical disability and/or impairment of functions and activities, (c) mental anguish and disability, (d) loss of enjoyment of life, (e) emotional distress, (f) medical expenses, and (g) lost wages and/or loss of earning capacity.[14] In their Notice of Removal, Removing Defendants assert that, "while [they] have no way of knowing the exact monetary value of the[] damages that are claimed by [Plaintiff], it appears, more likely than not, that the amount 'in controversy' is greater than $75,000.00," based on (1) the foregoing injuries and damages allegations, and (2) Plaintiff's failure to include a La. Code Civ. art. 893 allegation in the Petition and his "fail[ure] to execute or file any such Stipulation" showing Plaintiff's "commitment to recovery below the federal threshold."[15]

The foregoing does not provide enough information to determine if Plaintiff's claims will likely exceed $75,000, exclusive of interest and costs. First, Plaintiff's general allegations of injuries and demands for general categories of damages (*e.g.*, physical pain and suffering, physical disability and/or impairment of function and activities, mental anguish and disability, loss of

---

[11] Indeed, as currently pled, it appears that both Plaintiff and National Casualty may be citizens of Louisiana.
[12] *See* 28 U.S.C. § 1332(a).
[13] R. Doc. 1-8, ¶ 4.
[14] *Id.* at ¶ 6.
[15] R. Doc. 1, ¶¶ VI and VII.

enjoyment of life, emotional distress, medical expenses, lost wages and/or loss of earning capacity, etc.)[16] are insufficient to establish the amount in controversy. "Courts have routinely held that pleading general categories of damages, such as 'pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc.,' without any indication of the amount of the damages sought, does not provide sufficient information for the removing defendant to meet his burden of proving that the amount in controversy is satisfied under the 'facially apparent' test."[17]

Here, Removing Defendants have not provided any specific information about the actual injuries suffered by Plaintiff, other than that they are injuries to his back, neck, arms, and shoulders, which caused Plaintiff "great physical pain and suffering." Nor have they provided any information about the nature of Plaintiff's medical treatment, the nature and extent of any purported "disability" or "impaired functions and/or activities," the actual amount of medical expenses Plaintiff has incurred thus far, Plaintiff's prognosis and recommended future treatment, or whether Plaintiff is working/can work. There is also no evidence of any settlement demand, discovery responses, or other relevant documents that would have bearing on the amount in controversy.

Removing Defendants also attempt to show that the amount in controversy is satisfied by Plaintiff's failure to include a La. Code Civ. art. 893 allegation in his Petition and his failure to stipulate that his damages are below $75,000.[18] While Plaintiff's failure to include an Article 893 statement regarding damages may be considered,[19] it is not determinative of whether the amount

---

[16] R. Doc. 1-8, ¶ 6.
[17] *Davis v. JK & T Wings, In*c., No. 11-501, 2012 WL 278728, at *3 (M.D. La. Jan. 6, 2012), and cited cases.
[18] R. Doc. 1, ¶¶ VI-VII.
[19] *See, e.g., Demoulin v. Labor Smart, Inc.,* No. 17-115, 2017 WL 2471057, at *3 (M.D. La. May 19, 2017), *report and recommendation approved,* No. 17-115, 2017 WL 2468796 (M.D. La. June 7, 2017) ("This Court has previously held that the 'absence of such a statement in the Petition may be considered in determining whether the amount in controversy is sufficient.' *Broussard v. Celebration Station Properties, Inc.*, No. 13-531, 2014 WL 1402144, at *4 (M.D. La. Apr. 10, 2014); *Weber v. Stevenson*, No. 07-595, 2007 WL 4441261, at *4 (M.D. La. Dec. 14, 2007) ("'[T]he court finds that the plaintiffs' failure to follow La. C.C.P. art. 893(A)(1)'s mandate, while entitled to some

in controversy is met.[20] Likewise, a plaintiff's refusal to execute a stipulation is only one factor to be considered and is not determinative of the amount in controversy.[21] Further, no evidence regarding Plaintiff's "refusal" to stipulate has been submitted for consideration by the Court.[22] Based on the foregoing and taken as a whole, it is not apparent from either the Notice of Removal or the Petition whether Plaintiff's claims are likely to exceed $75,000, exclusive of interest and costs.

Although Plaintiff has not filed a Motion to Remand, the Court *sua sponte* raises the issue of whether it may exercise diversity jurisdiction in this matter, specifically whether there is complete diversity among the parties and the amount in controversy requirement has been met.[23]

Accordingly,

**IT IS ORDERED** that **by no later than March 23, 2021**, Removing Defendants shall file a comprehensive Amended Notice of Removal, that contains all their numbered allegations as revised, supplemented, and/or amended, without reference to any other document in the record,

---

consideration, in and of itself is not determinative of the amount in controversy.'"). While some weight is given to Plaintiff's failure to follow Article 893(a)(1)'s mandate, that failure alone is not determinative of whether the amount in controversy is satisfied.

[20] *See Ford v. State Farm Mut. Auto. Ins. Co.,* No. 08-403, 2009 WL 790150, at *4 (M.D. La. Mar. 25, 2009) ("[A]ll three U.S. District Courts in the State of Louisiana have recognized that the failure to include an Article 893 stipulation alone is insufficient to establish that the jurisdictional minimum is in controversy."), *and, e.g., Weber,* 2007 WL 4441261, *4 (omission of an La. C.C.P. art. 893 statement is entitled to some consideration, but it is not, in and of itself, determinative of the amount in controversy.).

[21] *See, e.g., Johnson v. Petsmart, Inc.,* No. 16-3448, 2017 WL 360265, at *5 (E.D. La. Jan. 25, 2017) *and id.* at n. 83, ("See *Aldrich v. DBP Holding Corp.*, No. 13-5729, 2014 WL 2215707 (E.D. La. May 28, 2014) (plaintiff's failure to stipulate damages 'is not conclusive evidence that a claim exceeds $75,000'); *see also Carbajal v. Caskids Oil Operating Co.*, No. 05-5966, 2006 WL 1030392 (E.D. La. Apr. 18, 2006); *Buchana v. Wal-Mart Stores, Inc.*, No. 99-2783, 1999 WL 1044336 at *3 (E.D. La. Nov. 17, 1999) ('Although some courts have considered failure to stipulate in deciding whether to remand, courts in this district and others have found that factor alone does not satisfy a defendant's burden.').").

[22] Summary judgment-type evidence is required when the amount in controversy is not facially apparent from the Petition. *See, e.g, Richardson v. Marriott International, Inc.*, No. 19-11354, 2020 WL 730345, at *2 (E.D. La. Feb. 12, 2020).

[23] *See McDonal v. Abbott Laboratories*, 408 F.3d 177, 182, n. 5 (5th Cir. 2005) ("[A]ny federal court may raise subject matter jurisdiction *sua sponte*.").

and that adequately alleges the citizenship of National Casualty, as described in this Notice and Order.

**IT IS FURTHER ORDERED** that **by no later than March 30, 2021**, Removing Defendants shall file a memorandum and supporting evidence concerning whether the amount in controversy requirement of 28 U.S.C. § 1332 is met.

**IT IS FURTHER ORDRED** that **by no later than April 13, 2021**, Plaintiff shall file either: (1) a Notice stating that Plaintiff does not dispute that Removing Defendants established the jurisdictional requirements of 28 U.S.C. § 1332, or (2) a Motion to Remand.

The case will be allowed to proceed if jurisdiction is adequately established.

Signed in Baton Rouge, Louisiana, on March 16, 2021.

*Erin Wilder-Doomes*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**